UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO MADRIGAL, | ) |
| | ) |
| Plaintiff, | )   CASE NO.   C04-2550JCC |
| | ) |
| v. | ) |
| | ) |
| L.W. RYDER, JR., *et al.*, | )   REPORT AND RECOMMENDATION |
| | ) |
| Defendants. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a state prisoner who is currently incarcerated at the Cedar Creek Corrections Center in Littlerock, Washington. He brings this action under 42 U.S.C. § 1983 to allege that his Fifth and Fourteenth Amendment rights were violated when he was falsely accused, and wrongly convicted, of attempting to escape from the Washington State Reformatory ("WSR"). Plaintiff names as defendants in this action L.W. Ryder, Jr., the Superintendent of WSR at times relevant to his complaint, and Lt. Richards, an employee at WSR.[1]

---

[1] The service papers addressed to L.W. Ryder, Jr., were returned to the Court on February 1, 2005. (*See* Dkt. No. 11.) A notation on the returned envelope indicates that Mr. Ryder is no longer employed by DOC and that no forwarding address is available. (*Id.*) As Mr. Ryder has not been

REPORT AND RECOMMENDATION
PAGE - 1

1   This matter is now before the Court on plaintiff's motion for summary judgment.  Defendant
2 Richards has filed a response to plaintiff's motion in which he requests that the motion be denied
3 pursuant to Fed. R. Civ. P. 56(f).  This Court, having reviewed plaintiff's motion, defendant's
4 response thereto, and the balance of the record, concludes that plaintiff's motion for summary
5 judgment should be denied.

6                                              DISCUSSION

7   Summary judgment is proper only where "the pleadings, depositions, answers to
8 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
9 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
10 law." Fed.R.Civ.P. 56(c).  The moving party has the burden of demonstrating the absence of a
11 genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  Genuine
12 disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the
13 nonmoving party." *Id*. at 248.  Material facts are those which might affect the outcome of the suit
14 under governing law.  *Id*.

15   Fed. R. Civ. P. 56(f) permits a court to deny a motion for summary judgment, or to continue
16 the hearing on a motion for summary judgment, to allow further discovery where the party opposing
17 summary judgment "cannot for reasons stated present by affidavit facts essential to justify the party's
18 opposition." Fed. R. Civ. P. 56(f).  In *VISA International Service Association v. Bankcard Holders of*
19 *America*, 784 F.2d 1472 (9th Cir. 1986), the Ninth Circuit noted that

20   The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is
     generally disfavored where the party opposing summary judgment makes (a) a timely
21   application which (b) specifically identifies (c) relevant information, (d) where there is
     some basis for believing that the information sought actually exists.
22
*Id*. at 1475.
23
---
24 served, he is not deemed a party to this action at the present time.  If plaintiff provides a current
   address for Mr. Ryder, the Court will once again attempt to effectuate service.
25
   REPORT AND RECOMMENDATION
26 PAGE - 2

1  Defendant Richards argues that plaintiff's motion for summary judgment should be denied
2 under Fed. R. Civ. P. 56(f) because plaintiff filed his motion only one month after his complaint was
3 filed and no discovery has yet been conducted by either party. Defendant's argument has merit.

4  The record reflects that plaintiff's civil rights complaint was filed on January 24, 2005. The
5 claims alleged therein arise out of a December 2000 incident at WSR which resulted in plaintiff being
6 infracted for, and found guilty of, attempting to escape from the institution. Plaintiff asserts in his
7 complaint that defendants knew there was evidence showing that he was not trying to escape, and yet
8 they willingly chose to falsely accuse and prosecute plaintiff. Plaintiff contends that defendants lied,
9 that they allowed false testimony to be presented at his major infraction hearing, and that they helped
10 to uphold a guilty verdict which they knew was unjust. Plaintiff asserts that defendants' actions were
11 motivated by malice and racial prejudice.

12  On February 25, 2005, plaintiff filed his motion for summary judgment. Plaintiff makes many
13 of the same arguments in his motion for summary judgment as he makes in his complaint. However,
14 plaintiff makes no reference in his motion to applicable legal authority, nor does he provide any
15 documentary evidence to support his factual assertions.

16  Defendant asserts in his response to plaintiff's motion for summary judgment that he requires
17 time to discover the circumstances surrounding the incident which gave rise to plaintiff's complaint,
18 and to discover what evidence plaintiff has to support his allegations. Defendant's counsel has filed a
19 declaration in support of defendant's request for denial of plaintiff's summary judgment motion in
20 which she states that she believes discovery and investigation will show that defendant did not falsely
21 accuse plaintiff of attempted escape, that defendant did not lie or allow false testimony at plaintiff's
22 major infraction hearing, and that defendant was not motivated by malice or racial prejudice in his
23 actions with regard to plaintiff. Counsel indicates in her declaration that she intends to depose
24 plaintiff, at which time she will inquire about the identity and actions of the officers involved in the

REPORT AND RECOMMENDATION
PAGE - 3

incident, and the identities of any witnesses.

Defendant's request pursuant to Fed. R. Civ. P. 56(f) to deny plaintiff's motion for summary judgment was timely made, and defendants have satisfied this Court that there is relevant information likely to be obtained through discovery. This Court therefore concludes that defendant should be permitted an opportunity to conduct discovery before being required to respond to plaintiff's summary judgment motion.

## CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion for summary judgment be denied. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of April, 2005.

s/ JAMES P. DONOHUE
United States Magistrate Judge