UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICARDO MADRIGAL,

        Plaintiff,

   v.

L.W. RYDER, JR., et al.,

        Defendants.

CASE NO. C04-2550C

ORDER

    This matter comes before the Court on Plaintiff's Motion for Reconsideration for Appointment of Counsel; Objection to Recommendation. (Dkt. No. 34.) Plaintiff filed this motion in response to Magistrate Judge James Donohue's Report and Recommendation ("R&R") (Dkt. No. 32) and his Order denying Petitioner's Motions to Appoint Counsel (Dkt. No. 31). Having reviewed the materials submitted by the parties and being fully informed, the Court hereby finds and rules as follows:

    As a preliminary matter, the Court acknowledges that Plaintiff's motion was postmarked four days after the ten-day filing deadline required by Local Rule CR 7(h)(2) and Fed. R Civ. P. 72(b). In light of Plaintiff's *pro se* status, language barriers, and lack of access to a law library, the Court will overlook Plaintiff's tardiness and consider the merits of his Motion. However, Plaintiff is cautioned to meet all filing deadlines in the future.

    In his motion, which is titled Objection to Recommendation, Plaintiff makes no arguments

ORDER – 1

objecting to Judge Donohue's recommendation that this Court deny Plaintiff's Motion for Summary Judgment. Accordingly, because there is no true objection, the Court ADOPTS Judge Donohue's R&R in full.

Plaintiff's motion is more properly considered strictly as a motion for reconsideration of the order denying his requests for appointed counsel. Motions for reconsideration are disfavored and the Court will ordinarily deny such motions absent a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention with reasonable diligence. Local Rule CR 7(h)(1).

In his order, Judge Donohue correctly noted that under 28 U.S.C. 1915(e)(1), the court can appoint counsel for plaintiffs proceeding *in forma pauperis*, but only under exceptional circumstances. Judge Donohue then correctly concluded that Plaintiff does not meet the test for exceptional circumstances pursuant to *Wilborn v. Escalderon.* 789 F.2d 1328, 1331 (9th Cir. 1986). Specifically, Judge Donohue found that Plaintiff did not prove either a likelihood of success on the merits of his claim, or an inability to articulate his claims *pro se.* Plaintiff's motion fails to make the requisite showing of manifest error in these findings and conclusions to warrant reconsideration.

Accordingly, the Court hereby ADOPTS Judge Donohue's R&R in full and DENIES Plaintiff's Motion for Reconsideration.

ORDERED this 17th day of May, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 2