UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO MADRIGAL,  Plaintiff,  v.  L.W. RYDER, JR., *et al.*,  Defendants. | CASE NO.   C04-2550JCC  ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff's claims in this civil rights action arise out of a December 2000 incident at the Washington State Reformatory ("WSR") which resulted in plaintiff being infracted for, and found guilty of, attempting to escape from the institution. Plaintiff asserts in his complaint that defendants knew there was evidence showing that he was not trying to escape, and yet they willingly chose to falsely accuse and prosecute plaintiff. Plaintiff contends that defendants lied, that they allowed false testimony to be presented at his major infraction hearing, and that they helped to uphold a guilty verdict which they knew was unjust. Plaintiff asserts that defendants' actions were motivated by malice and racial prejudice.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE - 1

Plaintiff's complaint identifies only two defendants: L.W. Ryder, Jr., the Superintendent of WSR at times relevant to plaintiff's complaint, and Lt. Richards, an employee at WSR.[1]

Plaintiff now seeks leave to amend his complaint to add new defendants to this action. Plaintiff identifies the following WSR officials and employees as additional defendants in his proposed amended complaint: Assistant Superintendent of Operations Pat Glebe; Captain Jimmie Evans; Visiting Room Sergeant Leroy Buckley; Hearing Officer Alstad; Visiting Room Scanning Officer Cinnamon Fajardo; Rotunda 2 Officer Jack Davis; Visiting Room Officer Holiday.

A review of plaintiff's proposed amended complaint reveals that he has arguably alleged sufficient facts to state a prima facie case against defendants Glebe and Alstad. He fails, however, to allege sufficient facts to state a cause of action under § 1983 against any of the other proposed new defendants. Accordingly, plaintiff's motion to amend his complaint is granted as to defendants Glebe and Alstad. Plaintiff's motion to amend is denied as to the remaining proposed new defendants because plaintiff fails to allege sufficient facts to demonstrate that any of these five individuals personally participated in causing plaintiff harm of constitutional dimensions.

In order to establish liability under § 1983, a plaintiff must allege specific facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or failed to perform an act which he was legally required to do that caused the deprivation complained of. *Id.* (citing

---

[1] Defendant Ryder has never been served in this action because plaintiff has not provided the Court with a current address for this defendant. Thus, only defendant Richards is currently deemed a defendant in this action.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE - 2

*Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Plaintiff's proposed amended complaint is devoid of any specific facts supporting his constitutional claims against proposed defendants Jack Davis or Jimmie Evans. Plaintiff lists these individuals as parties to the action in the beginning pages of his proposed amended complaint, and he identifies them briefly in his claims for relief, but he fails to make any factual assertions with respect to these individuals which would demonstrate that they personally participated in causing the harm alleged in the complaint.

Plaintiff proposed amended complaint does contain some factual assertions regarding the conduct of proposed defendants Leroy Buckley, Cinnamon Fajardo, and Officer Holiday, who were all present at the time the incident in the visiting room occurred. However, nothing in any of these factual assertions indicates that these individuals were involved in the decision to infract plaintiff, that they had any authority to prevent such an infraction, or that they acted in any affirmative fashion to ensure that plaintiff was found guilty of the infraction. It thus appears that plaintiff has not met the causation requirement with respect to these three individuals.

Based upon the foregoing, the Court does hereby ORDER as follows:

(1) Plaintiff's motion to amend his complaint (Dkt. No. 56) is GRANTED with respect to defendants Glebe and Alstad, and DENIED with respect to proposed defendant Evans, Buckley, Fajardo, Davis, and Holiday.

(2) The Clerk is directed to file plaintiff's amended complaint. The Court, in conjunction with this Order, will issue a separate Order directing service of plaintiff's amended complaint on defendants Glebe and Alstad. Plaintiff is reminded that if he wishes to maintain this

1    action against defendant Ryder he must provide the Court with a current address so that the Court
2    may effectuate service.
3        DATED this 2d day of November, 2005.

                                          /s/ James P. Donohue
                                          JAMES P. DONOHUE
                                          United States Magistrate Judge

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE - 4