UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO MADRIGAL, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   C04-2550JCC |
| ) | |
| v. ) | |
| ) | |
| L.W. RYDER, JR., *et al.*, ) | ORDER DENYING PLAINTIFF'S |
| ) | RENEWED MOTION TO AMEND |
| Defendants. ) | COMPLAINT |

This is a civil rights action brought under 42 U.S.C. § 1983.  This matter is currently before the Court on plaintiff's renewed motion to amend his complaint.  The Court, having reviewed plaintiff's renewed motion to amend, defendants' response thereto, plaintiff' proposed second amended complaint, defendants' supplemental response to plaintiff's renewed motion to amend, and the balance of the record, does hereby find and ORDER as follows:

(1)     Plaintiff's renewed motion to amend his complaint (Dkt. No. 62) is DENIED. Plaintiff, by way of his renewed motion to amend, seeks to add Jimmie Evans as a defendant in this action.  Defendants have advised the Court that Mr. Evans is now deceased.  The question for this Court is whether Mr. Evans may, under these circumstances, be added as a defendant to this action. This is a question which must be answered by resort to state survivorship law.  *See Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978).

ORDER DENYING PLAINTIFF'S RENEWED
MOTION TO AMEND COMPLAINT - 1

Under Washington law, if Mr. Evans had been added as a party prior to his death, plaintiff's cause of action against Mr. Evans would have survived to his personal representative, and plaintiff could have substituted the personal representative of Mr. Evans as a defendant in this action. *See* RCW 4.20.046 and RCW 11.40.110. However, because Mr. Evans was not a party at the time of his death, it appears that plaintiff may only maintain an action on any claim against Mr. Evans if a personal representative has been appointed, and if plaintiff properly files a claim against that individual. RCW 11.40.010. Plaintiff has given no indication that he intends to proceed against any personal representative of Mr. Evans' estate.

Moreover, defendants argue that even if plaintiff were to bring a claim against the estate of Mr. Evans, any such claim would be barred by the statute of limitations. For claims brought under § 1983, the Washington statute of limitations governing personal injury actions applies. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Accordingly, the applicable limitations period is three years. RCW 4.16.080(2). Plaintiff's claims against Mr. Evans arose in December 2000. Plaintiff did not attempt to assert any claim against Mr. Evans until he submitted his first amended complaint to this Court in October 2005, almost two years after the statute of limitations expired. Even if the statute of limitations were properly deemed tolled until the infraction which gave rise to plaintiff's cause of action against Mr. Evans was ordered expunged by this court in September 2002, over three years passed before plaintiff attempted to add Mr. Evans to this action in his first amended complaint.

For the foregoing reasons, plaintiff will not be permitted to add Mr. Evans as a defendant to this action, and this action will proceed only as to defendants Richards, Ahlstedt, and Glebe.[1]

(2)   The parties are directed to advise the Court, not later than **May 1, 2006**, how much

---

[1] It does not appear that L.W. Ryder, Jr., who was identified by plaintiff in his original complaint, as well as in each subsequent complaint, has never been served in this action because plaintiff has yet to provide a current address for this individual. As Mr. Ryder has not been served, he is not deemed a defendant at the present time.

ORDER DENYING PLAINTIFF'S RENEWED
MOTION TO AMEND COMPLAINT - 2

additional time they believe will be necessary in order to complete discovery in this matter. The Court will then issue a new pretrial scheduling order.

      (3)    The Clerk is directed to send copies of his Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

      DATED this 12th day of April, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S RENEWED
MOTION TO AMEND COMPLAINT - 3