UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO MADRIGAL, | ) |
| Plaintiff, | ) CASE NO.   C04-2550JCC |
| v. | ) |
| L.W. RYDER, JR., *et al.*, | ) ORDER RE-SETTING |
| Defendants. | ) PRETRIAL DEADLINES |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's request for additional time to complete discovery. Defendants have filed a response in which they indicate they have no objection to plaintiff's request for additional time to complete discovery. Accordingly, the Court does hereby ORDER as follows:

(1) All discovery shall be completed by *September 15, 2006*. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within **thirty (30) days** after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least **thirty (30) days** before the deadline in order to allow the other party time to answer.

ORDER RE-SETTING
PRETRIAL DEADLINES
PAGE - 1

(2)    Any dispositive motions shall be filed and served on or before ***October 16, 2006***. If a motion for summary judgment is filed, it is important for the opposing party to note the following:

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). Furthermore, Local Rule CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be considered by the Court as an admission that the motion has merit.

(3)    The Clerk is directed to send copies of his Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 16th day of June, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE-SETTING
PRETRIAL DEADLINES
PAGE - 2