1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  RICARDO MADRIGAL,                     )
                                         )
11          Plaintiff,                    )        CASE NO.     C04-2550JCC
                                         )
12          v.                            )
                                         )
13  L.W. RYDER, JR., *et al.*,            )        REPORT AND RECOMMENDATION
                                         )
14          Defendants.                   )
    _____ )

15
INTRODUCTION AND SUMMARY CONCLUSION

16

17          Plaintiff is a state prisoner who is currently incarcerated at the Washington State Penitentiary

18  ("WSP") in Walla Walla, Washington.  He brings this action under 42 U.S.C. § 1983 to allege

19  violations of his constitutional rights arising out of an incident at the Washington State Reformatory

20  ("WSR") in December 2000.  Specifically, plaintiff alleges in his amended complaint that his rights to

21  due process and equal protection, and his right to be free from cruel and unusual punishment, were

    violated when he was falsely accused, and wrongly found guilty, of attempting to escape from WSR.
22
            Plaintiff identifies nine defendants in his amended complaint. One of those defendants, Leslie
23
    Ryder, Jr., has never been served because plaintiff has been unable to provide a current address for this
24
    individual.  Plaintiff has been denied leave to proceed against another five named defendants because
25

26  REPORT AND RECOMMENDATION
    PAGE - 1

1   he failed to adequately allege a cause of action against those individuals.  The defendants who remain

2   are John Richards, a shift lieutenant at WSR, John Ahlstedt, a hearings officer at WSR, and Pat Glebe,

3   Associate Superintendent at WSR.  Plaintiff seeks a declaratory judgment and compensatory and

4   punitive damages.

5           The parties have filed cross-motions for summary judgment which are currently pending before

6   the Court.[1]  Also pending is a motion for temporary restraining order recently filed by plaintiff.  This

7   Court, having reviewed the pending motions, the briefs of the parties, and the balance of the record,

8   concludes that plaintiff's motion for summary judgment should be granted, and defendants' motion for

9   summary judgment should be denied, to the extent plaintiff alleges that there was insufficient evidence

10  to support the charge of attempted escape.  This Court further concludes that  plaintiff's motion for

11  summary judgment should be denied, and defendants' motion for summary judgment should be

12  granted, as to all other claims presented by plaintiff in his amended complaint, and that plaintiff's

13  amended complaint should be dismissed, with prejudice, as to all such claims.  Finally, this Court

14  concludes that plaintiff's motion for a temporary restraining order should be denied.

15                                              FACTS

16          On December 10, 2000, plaintiff was in the inmate visiting room at the Washington State

17  Reformatory where he was visiting with his wife and his young son.  (Dkt. No. 60 at 3.)  During the

18  visit, plaintiff's son informed plaintiff that he needed to use the restroom.  (*Id.*)  Plaintiff approached

19  Corrections Officer ("C/O")  Holiday and informed him that his son needed to use the bathroom

20  facilities.  (Dkt. No. 60 at 3.)  C/O Holiday directed plaintiff to an exit door leading out of the visiting

21

22  ───────────────

23         [1]  Plaintiff originally filed a motion for partial summary judgment.  He subsequently sought
    leave to amend his motion for partial summary judgment to a motion for summary judgment.  This
    Court granted plaintiff's motion to amend in an Order issued the same date as this Report and
24  Recommendation.  That Order addresses a number of additional motions filed by plaintiff, at least
    three of which are also related to the pending summary judgment motions.

25
    REPORT AND RECOMMENDATION
26  PAGE - 2

1   room.  (*Id.*; Dkt. No. 98, Ex. 1, Attachment C.)  Plaintiff approached the exit door with his son, and

2   another officer, C/O Davis, let them through the door into the hallway.  (Dkt. No. 98, Ex. 1

3   Attachment C.) C/O Davis believed plaintiff was a visitor who was taking his child to the bathroom.

4   (*Id.*)  Plaintiff did not have his inmate identification badge at the time he left the visiting room because

5   he had left it at the table where he had been visiting with his family.  (*Id.*; Dkt. No. 98, Ex. 1,

6   Attachment A, p. 10.)

7           While plaintiff was in the hallway looking for the restroom, the officer working the visiting

8   room scanner, C/O Fajardo, observed plaintiff opening doors in the hallway and suspected he was an

9   inmate because she did not recognize him as a visitor whom she had processed.  (Dkt. No. 60 at 3;

10  Dkt. No. 98, Ex. 1, Attachment E.)  C/O Fajardo contacted the visiting room sergeant, Sergeant

11  Buckley, and informed him that plaintiff was in an insecure area.  (Dkt. No. 60 at 4; Dkt. No. 98, Ex.

12  1, Attachment E.)  Sergeant Buckley escorted plaintiff and his son back into the visiting room where

13  plaintiff apparently returned without protest.  (*Id.*)  Sergeant Buckley then contacted the shift

14  lieutenant, Lieutenant Richards about the incident.  (*Id.*)

15          Lieutenant Richards, based upon his understanding of the incident, and petitioner's history at

16  the institution, instructed Sergeant Buckley to counsel plaintiff about out-of-bounds areas and about

17  not wearing his identification badge in the visiting room.  (Dkt. No. 98, Ex. 1, Attachment G.)  He

18  also instructed Sergeant Buckley to aggressively enforce the policy that all inmates wear their

19  identification badges at all times in the visiting room.  (*Id.*)  Sergeant Buckley represented to

20  Lieutenant Richards that he would follow up with written corrective action with C/O Davis as C/O

21  Davis' failure to adhere to visiting room policy allowed the inmate to access a restricted area.  (*Id.*)

22  After Sergeant Buckley spoke with Lieutenant Richards, plaintiff was permitted to resume his visit

23  with his wife and son.  (Dkt. No. 60 at 4; Dkt. No. 98, Ex. 1, Attachment E.)

24          Nine days after the incident, on December 19, 2000, Lieutenant Richards, after being

25

26  REPORT AND RECOMMENDATION
    PAGE - 3

1   counseled by his supervisor Captain Evans about the incident, wrote a serious infraction report

2   charging plaintiff with attempted escape.  (Dkt. No. 98, Ex. 1, Attachment F; Dkt. No. 109, Ex. 1.)

3   On December 27, 2000, Disciplinary Hearing Officer John Ahlstedt conducted a disciplinary hearing at

4   which he found plaintiff guilty of the charge of attempted escape.  (Dkt. No. 98, Ex. 1, Attachments B

5   and H.)  Defendant Ahlstedt's Disciplinary Hearing Decision set forth the following rationale for his

6   finding of guilt:  "Based on written reports. [sic]  Madrigal did pass through the door which can only

7   be construed to be an attempted escape from the institution."  (Dkt. No. 98, Ex. 1, Attachment H.)

8   Defendant Ahlstedt imposed sanctions in the form of 90 days loss of good time credits, 20 days

9   segregation, and referral to administrative segregation as a danger to the security of the institution.

10  (*Id*.)

11       Plaintiff appealed the guilty finding to the superintendent of the institution.  (*See id*.,

12  Attachment J.)  Defendant Glebe, as the superintendent's designee, upheld the finding of guilt and the

13  assigned sanctions.  (*Id*., Attachment K.)  Defendant Glebe concluded in relevant part as follows:

14  "You were observed in an unauthorized area outside the security perimeter of the visiting room.  You

15  had taken your inmate ID card off and left it at the table where you were visiting."  (*Id*.)

16                          PROCEDURAL HISTORY

17       Following the denial of his appeal by defendant Glebe, plaintiff filed a personal restraint

18  petition in the state courts challenge the result of his disciplinary hearing.  (*Id*., Attachment L.)  The

19  state courts denied him relief.  (*See id*.)  In December 2001, petitioner presented to this Court for

20  filing a petition for writ of habeas corpus under § 2254 challenging the result of his prison disciplinary

21  hearing. (*See* C01-1968-JCC, Dkt. No. 4.)  Plaintiff's habeas petition was granted after the Court

22  found that the disciplinary action was not supported by reliable evidence.  (*Id*., Dkt. No. 24.)  The

23  respondent in those proceedings, L.W. Ryder, Jr., was ordered to expunge the attempted escape

24  infraction from petitioner's record, to reinstate petitioner's good time credit, and to restore

25

26  REPORT AND RECOMMENDATION
    PAGE - 4

1   petitioner's security classification to what it would have been without the infraction.  (C01-1968-JCC,

2   Dkt. No. 24.)

3          Plaintiff filed the instant action in December 2004.  Plaintiff asserted in his original complaint

4   that the defendants knew there was evidence showing that he was not trying to escape, and yet

5   willingly chose to falsely accuse and prosecute plaintiff.  Plaintiff contended that defendants lied, that

6   they allowed false testimony to be presented at his major infraction hearing, and that they helped to

7   uphold a guilty verdict which they knew was unjust.  Plaintiff asserted that the defendants' action were

8   motivated by malice and racial prejudice.  In his original complaint, plaintiff identified only two

9   defendants: L.W. Ryder, Jr., the Superintendent of WSR at times relevant to plaintiff's complaint, and

10  Lieutenant Richards.[2]

11         Plaintiff subsequently sought leave of court to amend his complaint to add new claims and

12  additional defendants.  Plaintiff was granted leave to add two new defendants, Associate

13  Superintendent Pat Glebe and Hearing Officer Ahlstedt.  Thus, there are currently three defendants in

14  this action: Lieutenant Richards, Hearing Officer Ahlstedt, and Associate Superintendent Glebe.[3]

15  Plaintiff alleges that these three defendants violated his rights to due process and equal protection, and

16  his right to be free from cruel and unusual punishment.

17         More specifically, plaintiff alleges that defendant Richards falsely accused him of attempted

18  escape when there was direct evidence which supported the conclusion that the incident constituted an

19  honest mistake.  Plaintiff asserts that this allegedly false accusation resulted in 38 days of solitary

20

21         [2]  Plaintiff has been unable to provide a current address for L.W. Ryder, Jr., and, thus, the

22  Court has been unable to effectuate service on this individual.  As this individual has never been
    served, he is not deemed a defendant to the instant action.

23         [3]  Plaintiff recently moved again for leave to amend his complaint.  However, that motion was

24  denied by way of a separate order as the allegations contained in plaintiff's proposed amended
    complaint are not directly related to the claims currently pending before the Court in this action.

25  REPORT AND RECOMMENDATION
26  PAGE - 5

1   confinement, the loss of plaintiff's security level, the loss of institutional employment for over two

2   years, and the labeling of plaintiff as a security risk.  Plaintiff further alleges in his amended complaint

3   that defendant Ahlstedt refused to call witnesses requested by plaintiff at his disciplinary hearing, that

4   he found plaintiff guilty of escape with no evidence to support the charge, that he failed to consider

5   statements by defendant Richards and Sergeant Buckley supporting plaintiff's assertion that the

6   incident was an honest mistake, and that he failed to provide an adequate written disposition of the

7   charge.  Finally, plaintiff alleges that defendant Glebe refused to overturn the disciplinary decision

8   despite his knowledge that constitutional violations had occurred.

9                                              DISCUSSION

10                                     Summary Judgment Standard

11          Summary judgment is appropriate when, viewing the evidence in the light most favorable to

12   the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving

13   party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is a fact

14   relevant to the outcome of the pending action.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

15   248 (1986).  Genuine issues of material fact are those for which the evidence is such that "a reasonable

16   jury could return a verdict for the nonmoving party."  *Id.*

17          In response to a properly supported summary judgment motion, the nonmoving party may not

18   rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a

19   genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements

20   essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a

21   factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on summary judgment, the court does not

22   weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine

23   issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

24                                        Due Process

25
    REPORT AND RECOMMENDATION
26   PAGE - 6

1    Plaintiff asserts in his amended complaint that defendant Richards falsely accused him of

2   attempted escape when there was direct evidence to the contrary.  Plaintiff notes that defendant

3   Richards' initial investigation of the incident led him to the conclusion that the incident was an honest

4   mistake.  And, in fact, in a memo to defendant Glebe following the incident, defendant Richards

5   conveyed to defendant Glebe his impression that plaintiff, in entering a hallway which was "out-of-

6   bounds," did not do so with the intent of escaping.  (*See* Dkt. No. 98, Ex. 1, Attachment G.)  Shortly

7   thereafter, defendant Richards wrote the infraction charging plaintiff with attempted escape.  (*Id.*,

8   Attachment F.)

9    Defendant Richards, in a declaration submitted in conjunction with defendants' response to

10  plaintiff's summary judgment motion, states that he wrote the infraction after being counseled by his

11  supervisor about the incident.  (Dkt. No. 109, Ex. 1 at 2.)  According to defendant Richards, his

12  supervisor, Captain Evans, "pointed out that the fact that the inmate was found in an area clearly

13  outside the acceptable boundaries of inmate travel and had nearly reached the outer and last security

14  door of the area required that he be cited for the violation of attempted escape."  (*Id.*)  Defendant

15  Richards was advised that if he did not write the infraction, Captain Evans would.  (*Id.*)

16   Regardless of whether defendant Richards can be deemed to have wrongly accused plaintiff of

17  attempted escape, the filing of false charges in a prison disciplinary action does not state a claim for

18  relief where procedural due process protections are provided.  *Freeman v. Rideout*, 808 F.2d 949,

19  951-52 (2d Cir. 1986) (allegation that corrections officer filed a false disciplinary charge against an

20  inmate is not actionable under § 1983 where procedural due process protections are provided);

21  *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) (allegation that prison guard planted false

22  evidence which implicated an inmate in a disciplinary infraction is not actionable under § 1983 where

23  due process protections are provided).

24   This Court therefore turns to plaintiff's claim that he was not afforded the procedural

25

26  REPORT AND RECOMMENDATION
     PAGE - 7

1   protections to which he was entitled.  In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme

2   Court set forth the due process requirements for prison disciplinary hearings.  Those requirements are

3   that an inmate be afforded:  (1) advance written notice of the claimed violation; (2) a written

4   statement of the factual findings supporting the disciplinary action; and, (3) the opportunity to call

5   witnesses and present documentary evidence "when permitting him to do so will not be unduly

6   hazardous to institutional safety or correctional goals."  *Id.* at 563-66.

7          Plaintiff contends that defendant Ahlstedt refused to call witnesses requested by plaintiff at his

8   disciplinary hearing, that he failed to consider statements by defendant Richards and Sergeant Buckley

9   supporting plaintiff's assertion that the incident was an honest mistake, that he failed to provide an

10  adequate written disposition of the charge, and that he found plaintiff guilty of escape with no

11  evidence to support the charge,

12         There is no evidence to support plaintiff's contention that defendant Ahlstedt refused to call

13  witnesses.  The only potential witness referenced by plaintiff in his amended complaint was the visiting

14  room officer, Officer Holiday, who directed plaintiff through the doors to the visiting room and into

15  the out-of-bounds area.  However, nothing in the record demonstrates that plaintiff did, in fact,

16  request that Officer Holiday be called as a witness, or that defendant Ahlstedt refused such a request.

17  Defendants have provided a transcript of the disciplinary hearing which reflects that plaintiff requested

18  only that he be permitted to present a statement from his wife.  (*See* Dkt. No. 98, Ex. 1, Attachment B

19  at 1.)  There is no reference whatsoever to any request by plaintiff to call witnesses.  As plaintiff has

20  not established that he was denied the opportunity to call witnesses, this claim is without merit.

21         Plaintiff's contention that defendant Ahlstedt failed to consider statements by defendant

22  Richards and Sergeant Buckley which supported plaintiff's assertion that the incident was an honest

23  mistake is likewise without merit.  The Court first notes that it is unclear whether defendant Ahlstedt

24  had available to him any written statements from defendant Richards or Sergeant Buckley.  However,

25

26  REPORT AND RECOMMENDATION
    PAGE - 8

1    the statements of the other officers which were read into the record at the disciplinary hearing made

2    clear that Sergeant Buckley felt the incident was an honest mistake and that defendant Richards, at

3    least at that time, concurred with that conclusion.  Thus, even if Richards and Buckley did not

4    themselves testify at plaintiff's hearing, their views were reflected in the record.  Whether or not

5    defendant Ahlstedt assigned any weight to this information, which it appears he did not, is not an

6    appropriate issue for this Court to consider in its due process analysis.

7          Plaintiff next complains that defendant Ahlstedt failed to provide an adequate written

8    disposition of the charge.  While defendant Ahlstedt's written disposition of the charge was brief, it

9    did identify the evidence relied upon and the reasons for his decision.  Defendant Ahlstedt's written

10   disposition was sufficient to permit plaintiff to pursue further review of the decision and, thus, must be

11   deemed adequate for purposes of due process analysis.  *See Wolff*, 418 U.S. 565.

12         Accordingly, to the extent plaintiff complains that defendant Ahlstedt denied him his right to

13   present witnesses, or to have other evidence considered, and to the extent plaintiff complains that the

14   written disposition of his disciplinary charge was inadequate, his due process claim must fail.

15         However, plaintiff's final contention – that there was no evidence to support the charge of

16   attempted escape, appears to have merit.  The Supreme Court has made clear that a decision rendered

17   in a prison disciplinary proceeding need only be supported by "some evidence" in order to satisfy due

18   process.  *Superintendent v. Hill*, 472 U.S. 445 (1985).  And, the Ninth Circuit has held the evidence

19   relied upon must possess "some indicia of reliability."  *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.

20   1987).  The question of whether there was sufficient reliable evidence to support the disciplinary

21   action at issue here has already been decided by this court in plaintiff' federal habeas proceeding, and it

22   was decided in plaintiff's favor.  (*See* C01-968-JCC, Dkt. Nos. 20 and 24.)  Defendants have

23   presented no facts or legal argument that would lead the Court to alter its previous conclusion.  Thus,

24   to the extent plaintiff challenges the sufficiency of the evidence offered to support the decision,

25

26   REPORT AND RECOMMENDATION
     PAGE - 9

1  plaintiff's due process claim succeeds.

2                                    Equal Protection

3       Plaintiff asserts in his amended complaint that defendants violated his equal protection rights

4  when they falsely accused him, and found him guilty, of attempted escape.  In order to state an equal

5  protection claim under § 1983, a plaintiff must show that the defendants acted with an intent or

6  purpose to discriminate against the plaintiff based upon membership in a protected class.  *Barren v.*

7  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff makes no such showing.  Plaintiff alleges in

8  a conclusory fashion that defendants' actions violated his right to equal protection.  The Court cannot

9  merely presume that questionable conduct on the part of defendants is attributable to some form of

10 racial or ethnic bias.  As plaintiff fails to demonstrate that defendants acted with a discriminatory intent

11 or purpose in infracting him and finding him guilty of attempted escape, plaintiff's equal protection

12 claim must fail.

13                                   Eighth Amendment

14      Plaintiff asserts in his amended complaint that his Eighth Amendment right to be free from

15 cruel and unusual punishment was violated when defendants caused him to spend 38 days in solitary

16 confinement, to lose his security level, to lose his institutional employment for over two years, and to

17 be labeled a security risk.

18      The Eighth Amendment imposes a duty upon prison officials to provide humane conditions

19 of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  This duty includes ensuring that

20 inmates receive adequate food, clothing, shelter, and medical care.  In order to establish an Eighth

21 Amendment violation, a prisoner must show that prison officials knew of and disregarded a

22 substantial risk of serious harm to his health or safety.  *Farmer*, 511 U.S. at 837.  Plaintiff does not

23 allege that defendants' actions with respect to his disciplinary proceedings created any serious harm

24 to plaintiff's health or safety.  The punishment plaintiff received as a result of the challenged

25

26 REPORT AND RECOMMENDATION
   PAGE - 10

1  disciplinary proceedings does not implicate Eighth Amendment concerns.  Accordingly, plaintiff's

2  Eighth Amendment claim must also fail.

3  Personal Participation

4       Defendants argue in their motion for summary judgment that plaintiff's claims against

5  defendant Glebe must be dismissed because plaintiff failed to allege personal participation.  In order to

6  sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation

7  of rights protected by the Constitution or created by federal statute, and (ii) that the violation was

8  proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d

9  1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff

10  demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or

11  omitted to perform an act which he was legally required to do that caused the deprivation complained

12  of.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740,

13  743-44 (9th Cir. 1978)).  A defendant cannot be held liable under § 1983 solely on the basis of

14  supervisory responsibility or position.  *Monell v. Department of Social Servs., of City of New York*,

15  436 U.S. 658, 691-694 (1978).

16       Liberally construed, plaintiff alleges in his amended complaint that defendant Glebe violated his

17  constitutional rights when he refused to overturn defendant Ahlstedt's guilty finding, despite Glebe's

18  knowledge that the disciplinary process did not comport with due process.  This allegation has merit.

19  Defendant Glebe, when he reviewed, and rendered a decision on, plaintiff's disciplinary appeal,

20  became a participant in the disciplinary process which is challenged here.  Defendant Glebe would

21  presumably have had access not only to the written reports relied upon by defendant Ahlstedt at

22  plaintiff's hearing, but also to the memorandum sent to Glebe by defendant Richards on December 17,

23  2000, detailing the incident, expressing his belief that plaintiff did not enter the hallway with the intent

24  of escaping, and explaining the corrective actions he had taken with respect to staff.  Defendant Glebe

25

26  REPORT AND RECOMMENDATION
   PAGE - 11

1  had sufficient information and opportunity to right the wrong inflicted by defendant Ahlstedt and

2  refused to do.  Accordingly, defendant Glebe must also held liable for the due process violation

3  identified above.

4                                    Qualified Immunity

5          Defendants next argue in their summary judgment motion that they are entitled to qualified

6  immunity for any constitutional deficiencies the Court might find with respect to defendants' conduct

7  in relation to plaintiff's disciplinary proceedings.  Qualified immunity protects § 1983 defendants

8  performing discretionary functions from liability for civil damages so long as their conduct does not

9  violate a clearly established constitutional or statutory right of which a reasonable person would have

10 known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

11         The threshold inquiry in a qualified immunity analysis is whether the facts alleged, when

12 taken in the light most favorable to the party asserting the injury, show that the defendant's conduct

13 violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  If the reviewing court

14 concludes that no constitutional right was violated by the defendant's conduct, the court need not

15 inquire further.  *Id*.  However, if the reviewing court concludes that a constitutional right was

16 violated, the court must then determine whether the right was clearly established.  *Id*.  And, "[t]he

17 relevant, dispositive inquiry in determining whether a right is clearly established is whether it would

18 be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id*. at

19 202.

20         Defendants argue that a reasonable official could have believed his conduct was lawful in

21 infracting a prison inmate for attempted escape "when he was found outside the perimeter of the

22 'institution' without his prisoner identification."  (*See* Dkt. No. 98 at 15.)  The facts surrounding this

23 incident support no such conclusion.  The Court first notes that while plaintiff was clearly found

24 outside the security perimeter of the visiting room, and in an area which was out-of-bounds to

25

26 REPORT AND RECOMMENDATION
   PAGE - 12

1    inmates, nothing in the record suggests that plaintiff was found outside the perimeter of the institution

2    itself.

3           In addition, the Court notes the followings facts:  (1) plaintiff was directed into the out-of-

4    bounds area by a corrections officer; (2)  plaintiff had his three year old child by the hand when he

5    exited; (3) plaintiff's wife was sitting in the visiting room at the time presumably awaiting their return;

6    (4) plaintiff returned immediately to the visiting area when directed to do so; and, (5) neither of the

7    supervisory officials immediately involved in the incident believed plaintiff was attempting to escape.

8    In this Court's view, a reasonable officer, given this set of facts, would have done what defendant

9    Richards did originally – counseled the plaintiff and the officers involved.  The issuance of an

10   infraction to plaintiff for failing to wear his identification badge would also have been a reasonable

11   response.  However, charging plaintiff with attempted escape when there was no evidence that he

12   intended any such thing was not reasonable.  Accordingly, defendants are not entitled to qualified

13   immunity.

14                                                    Relief

15          The Court, having found liability on one narrow issue in this case must now consider what

16   relief plaintiff may be entitled to in this action.  Plaintiff seeks declaratory relief and damages.

17   Specifically, plaintiff requests a declaratory judgment stating that his Eighth Amendment rights were

18   violated when he spent 38 days in solitary confinement, lost 90 days of good time credit, lost his

19   security level, and lost institutional work opportunities for over two years as a result of defendants'

20   conduct.  Because this Court has determined that plaintiff has not presented a valid Eighth

21   Amendment claim in this action, plaintiff is not entitled to the declaratory judgment he seeks with

22   respect to this claim.

23          Plaintiff also requests a declaratory judgment stating that defendants violated his due process

24   and equal protection rights by falsely accusing him of attempted escape, and by not calling requested

25

26   REPORT AND RECOMMENDATION
     PAGE - 13

1   witnesses or considering all relevant information at his disciplinary hearing.  Because this Court has

2   determined that plaintiff is not entitled to relief with respect to the due process claims implicated in

3   this request for declaratory relief, or with respect to his equal protection claim, plaintiff is not entitled

4   to the declaratory judgment he seeks with respect to these claims.

5         Plaintiff also seeks compensatory and punitive damages from defendants "for emotional and

6   financial injuries resulting from this false accusation."  Defendants argue in their motion for summary

7   judgment that plaintiff's claims for emotional injury must be dismissed because he has alleged no

8   physical injury.  The Prison Litigation Reform Act provides that "[n]o federal civil action may be

9   brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional

10  injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

11  *See Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (recognizing an exception to § 1997e(e)

12  where claim is based upon a First Amendment violation).  As plaintiff fails to allege, much less

13  demonstrate, that he suffered any physical injury as a result of the alleged constitutional violations,

14  his claims for emotional injury must be dismissed.

15        All that remains are plaintiff's requests for compensatory and punitive damages.  The basic

16  purpose of a damages award under § 1983 is to compensate an individual for actual injuries caused

17  by the deprivation of constitutional rights.  *See Carey v. Piphus*, 435 U.S. 247, 254 (1978).  If an

18  inmate whose due process rights have been violated cannot show actual damages, the inmate is

19  entitled to only a nominal damages award.  *Id.*, at 266-67.

20        Plaintiff asserts in his amended complaint that he spent 38 days in solitary confinement, lost

21  good time credits, lost his security level, and lost employment opportunities for over two years as a

22  result of the constitutional deprivations complained of.  However, plaintiff's lost good time credits

23  and lost security level were ordered restored in plaintiff's federal habeas proceeding.  It is therefore

24  unclear what, if any, actual damages are attributable to those aspects of the penalty imposed as a

25

26  REPORT AND RECOMMENDATION
    PAGE - 14

1  result of his constitutionally deficient disciplinary proceedings.

2       Moreover, plaintiff is not likely entitled to any damages for his time spent in segregation or

3  his lost employment opportunities.  While a prisoner has a liberty interest in lost good-time credits,

4  he does not have a similar interest in deprivations which do not impose an "atypical and significant

5  hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515

6  U.S. 472, 484 (1995).  Time spent in segregation and lost employment opportunities do not appear to

7  present such "atypical and significant hardship[s]."

8       As the damages issue is apparently the only issue left to be resolved in this matter, and as the

9  record fails to make clear what, if any, damages plaintiff may be entitled to, this Court recommends

10  that plaintiff be directed to provide the court with a statement of damages in which he explains what

11  he believes his actual damages to be and why.

12                    Plaintiff's Motion for Temporary Restraining Order

13      Plaintiff appears to alleges in his motion for temporary restraining order that officials/staff at

14  the Washington State Penitentiary ("WSP") are retaliating against him by falsely infracting him and

15  demoting his custody level.  Plaintiff requests that the Court issue an order directing that these WSP

16  officials, and members of the WSP corrections staff, be ordered to (1) stop retaliating against him, (2)

17  transfer him to medium custody level immediately, and (3) expunge the infraction which is at issue in

18  these proceedings from his prison record as previously ordered by the Court.

19      It is not clear from plaintiff's motion papers whether the claims of retaliation asserted in the

20  motion are somehow related to the claims asserted in the instant action.  Plaintiff provides no evidence

21  that they are.  Moreover, the WSP officials and officers whom plaintiff accuses of retaliating against

22  him are not defendants to the instant action and, thus, the Court has no jurisdiction to restrain their

23  conduct as requested by plaintiff.  Plaintiff's motion for temporary restraining order should therefore

24

25

26  REPORT AND RECOMMENDATION
PAGE - 15

1  be denied.[4]

2                                        CONCLUSION

3          For the reasons set forth above, this Court recommends that plaintiff's motion for summary

4  judgment be granted, and that defendants' motion for summary judgment be denied, to the extent

5  plaintiff alleges that there was insufficient evidence to support the charge of attempted escape.  This

6  Court further recommends that  plaintiff's motion for summary judgment be denied, and that

7  defendants' motion for summary judgment be granted as to all other claims presented by plaintiff in his

8  amended complaint, and that plaintiff's amended complaint be dismissed, with prejudice, as to all such

9  claims.  This Court also recommends that plaintiff be directed to provide the court with a statement of

10  damages.  Finally, this Court recommends that plaintiff's motion for a temporary restraining order be

11  denied.  A proposed order accompanies this Report and Recommendation.

12          DATED this 30th day of January, 2007.

13

14                                                        _James P. Donohue_____

15                                                        JAMES P. DONOHUE
                                                          United States Magistrate Judge

16

17

18

19  _____

20          [4]  Plaintiff's motion for temporary restraining order does present one issue of concern to the
    Court, and that is the suggestion that the Department of Corrections has not complied with the
21  September 30, 2002, Order of this court directing that plaintiff's attempted escape infraction be
    expunged from his prison record.  (See C01-1968-JCC, Dkt. No. 24.)  Plaintiff has provided, in
22  conjunction with his motion for temporary restraining order, a copy of an administrative segregation
    referral, dated October 20, 2006, which references his WSR infraction for attempted escape.  While it
23  is not clear that any of the defendants in this action are responsible for the current content of plaintiff's
    prison record, the Washington Attorney General's Office, which represents defendants in this action,
24  and which represented the respondent in plaintiff's federal habeas action, should ensure that all orders
    of this Court, past and present, are being fully complied with by its clients.
25
    REPORT AND RECOMMENDATION
26  PAGE - 16