UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO MADRIGAL,<br><br>        Plaintiff,<br><br>    v.<br><br>L.W. RYDER, JR., et al.,<br><br>        Defendants. | CASE NO. C04-2550-JCC<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 106), Defendants' Cross-Motion for Summary Judgment (Dkt. No. 99), Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 119), the Report and Recommendation of United States Magistrate Judge James P. Donohue ("R&R") (Dkt. No. 123), and Defendants' and Plaintiff's Objections to the R&R (Dkt. Nos. 126, 132). After reviewing the record and the materials submitted by the parties, the Court adopts the R&R's conclusions and analysis except insofar as it requests a statement of damages from Plaintiff.

## II. STANDARD OF REVIEW

The Court reviews the record *de novo* when considering objections to a magistrate judge's R&R.

ORDER – 1

28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Honorable James P. Donohue, United States Magistrate Judge, has issued an R&R recommending that the Court grant summary judgment in part for the Plaintiff on his claim that his conviction for attempted escape was not supported by adequate reliable evidence, grant summary judgment in part for Defendants as to Plaintiff's other claims, and dismiss Plaintiff's other claims with prejudice. (Dkt. No. 123 at 7-11.) The R&R also recommended that Plaintiff's motion for a temporary restraining order based on a retaliation claim (Dkt. No. 119) be denied. (Dkt. No. 123 at 15-16.) Because Plaintiff's actual damages were not clear from the record, Judge Donohue recommended that Plaintiff be ordered to provide the Court with a statement of damages. (Dkt. No. 123 at 15.)

Defendants filed Objections to the R&R, asserting again that they are entitled to qualified immunity. (Dkt. No. 126.) Plaintiff also filed Objections, detailing the damages to which he believes himself to be entitled. (Dkt. No. 132.) Because Plaintiff's Objections clarify what damages he is seeking, the Court departs from the R&R by deciding the damages issues rather than requesting further briefing. In all other respects, the Court adopts the R&R's reasoning and conclusions.

### A. *Defendants' Claim of Qualified Immunity*

Qualified immunity analysis proceeds in two parts. First, the Court determines whether the facts show that the defendants violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). If so, the Court determines whether the right was clearly established at the time of the alleged violation such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* at 201-02. In practice, the second part of the qualified immunity analysis involves an initial inquiry into whether the right violated was clearly established in some relevant source of law, followed by an inquiry into whether a reasonable officer, knowing what the defendant knew, would have thought his or her conduct violated the right. *See, e.g.*, *Davis v. City of Las Vegas*, 478 F.3d 1048, 1057 (9th Cir. 2007).

ORDER – 2

*1.    Was a right violated?*

The Court adopts the reasoning and conclusion of the R&R that Plaintiff's conviction for attempted escape was not supported by adequate reliable evidence, violating his procedural due process rights.

*2.    Would it have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted?*

*a.    Was the right clearly established in a relevant source of law?*

Inquiry into whether the right was clearly established in law must "be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. However, it is not necessary for "the very action in question" to have "previously been held unlawful." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Rather, "in the light of pre-existing law the unlawfulness must be apparent." *Id.*

In 1985, the Supreme Court established the broad right to have prison disciplinary convictions that result in the loss of a protected liberty interest supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The Ninth Circuit requires that evidence to be supported by "some indicia of reliability." *Cato v. Rushen*, 824 F.3d 703, 705 (9th Cir. 1987). *Hill* and *Cato* have been applied to prison disciplinary convictions for escape like the one at issue here. *Burnsworth v. Gunderson*, 179 F.3d 771 (9th Cir. 1999). Thus, the right to have prison disciplinary actions for escape supported by some reliable evidence was clearly established at the time of the violation.

Defendants argue that the right was not clearly established in law, asserting that the Washington Court of Appeals' rejection of Plaintiff's personal restraint petition shows ambiguity on the relevant legal question. (Dkt. No. 126 at 3.) In fact, the Court of Appeals opinion cites *Hill* for the proposition that prisoners have a right to have prison disciplinary convictions supported by "some evidence," demonstrating that the court understood the right to be established and applicable in this case. (C01-1968C, Dkt. No. 15, Exh. 17 at 3.) Defendants fail to persuade the Court that the right was not clearly

ORDER – 3

established.

        *b.*      *Would a reasonable officer in this circumstance know his conduct violated the right?*

In the final inquiry of the qualified immunity analysis, the Court considers all facts available to the Defendant and asks whether a reasonable officer would have known that his or her conduct violated the Plaintiff's right. *Anderson,* 483 U.S. at 641. In this case, Plaintiff was in the hallway without his ID badge. (Dkt. No. 126 at 4.) However, Defendants also knew, and do not contest, that Plaintiff was told to go into the hallway by a corrections officer, that the hallway was still within the security perimeter of the institution, that Plaintiff had his toddler child with him, that Plaintiff's wife remained in the visitor area, and that Plaintiff immediately returned to the visitor area when asked to do so. (Dkt. 123 at 13.) Knowing all of these facts, a reasonable officer could not believe there was reliable evidence to support a charge of attempted escape.

Defendants argue that it was reasonable to base Plaintiff's escape infraction only on the "objective facts" that Plaintiff was in an unauthorized area without his ID badge. (Dkt. No. 126 at 4.) However, the other uncontested facts are no less "objective," and the qualified immunity analysis considers the reasonableness of the officers' actions in light of all facts known to the officers, not a select few.

Defendants also argue that the Washington Court of Appeals' rejection of Plaintiff's personal restraint petition should be interpreted as an indication that the officers were acting reasonably under settled law. (Dkt. No. 126 at 3-4.) However, the state court did not rule on the issue of qualified immunity, but only on the underlying due process claim. (*See* C01-1968C, Dkt. No. 15, Exh. 17.) The due process analysis is extremely deferential to the prison disciplinary process, asking only whether some facts on the record, taken in isolation, would be sufficient to support the disciplinary action. *Hill*, 472 U.S. at 455-56. The qualified immunity analysis looks to the entire range of facts, views those facts in the light most favorable to the Plaintiff, and applies a "reasonable officer" standard to those facts. Because the analysis is entirely different, the state court's opinion on the underlying due process violation

ORDER – 4

is not relevant to this part of the qualified immunity analysis. Defendants are not entitled to qualified immunity.

### B.     *Plaintiff's Requested Relief*

Plaintiff seeks declaratory relief and damages on all of his claims. For the reasons explained in the R&R, Plaintiff may not obtain declaratory relief or damages on those claims on which he does not prevail. Neither are emotional injuries compensable without a showing of an accompanying physical injury. 42 U.S.C. § 1997e(e). Because the Court has determined that Plaintiff has presented only one valid claim, relief on all other claims must fail. Plaintiff may not have declaratory relief or damages on his Eighth Amendment claim, his equal protection claim, his due process claims under *Wolff*, his due process claim that Defendant Ahlstedt failed to consider exculpatory evidence, or his due process claim that Defendant Richards falsely accused him of escape.

However, Plaintiff alleges the following injuries arising out of the claim on which he prevailed:

(1)   He spent 38 days in solitary confinement.
(2)   He lost 90 days of good time credit.
(3)   He lost his security level.
(4)   He lost institutional work opportunities for over two years.
(5)   He incurred unspecified expenses in pursuing his personal restraint petition in the state courts, pursuing his habeas petition in the federal courts, and pursuing this suit in federal court.

Plaintiff seeks compensatory and punitive damages. Prisoners are only entitled to compensatory and punitive damages for deprivations which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A relatively brief period of time spent in solitary confinement is not an atypical hardship in the context of prison life. *Id.* at 485-86. Loss of a privilege such as employment is also not a significant hardship. *Id.* at 484-87. Therefore, Plaintiff is not entitled to any damages based on his solitary confinement or his two years of lost work opportunities. Following Plaintiff's successful habeas petition, his good time credits and security level were restored. Because Plaintiff cannot show deprivations giving rise to actual compensatory or punitive damages, he is entitled only to a nominal damages award. *Carey v. Piphus*,

ORDER – 5

435 U.S. 247, 266-67 (1978).

Plaintiff cannot claim costs for his habeas or personal restraint petitions as damages in this action. Plaintiffs are generally not entitled to costs or expenses for successful habeas petitions,[1] and in any event, any claim for those costs should have been made at the conclusion of the habeas action. The Court will not disturb that final judgment to award costs or expenses now. While there is scant authority that the costs of a successful state court defense may be awarded as damages in a later § 1983 action, *see Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988), this Court can find no authority for the proposition that a federal court may award the costs of a failed state court action as damages in a later § 1983 claim.

Plaintiff may be able to recover some costs for this action. While individuals proceeding *pro se* in a § 1983 action cannot recover attorney's fees, *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987), they may, at the Court's discretion, recover litigation expenses and court costs as specified in 28 U.S.C. § 1920. *Merrell v. Block*, 809 F.2d 639, 642 (9th Cir. 1987). Costs under 28 U.S.C. § 1920 are awarded to the prevailing party, and because Plaintiff has been awarded some relief by the court, he is a prevailing party for the purposes of the statute. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 603 (2001). Costs allowed by 28 U.S.C. § 1920 include court fees as well as printing and copying costs necessary to pursue the suit.[2] 28 U.S.C. § 1920. This Order directs Plaintiff to file with the Court a bill of costs specifying what he spent on court fees, printing, and copying for this suit and documenting those costs.

    C.    *Plaintiff's motion for a temporary restraining order.*

---

[1] Habeas plaintiffs may not recover costs unless they can prove the state defended against the petition with "bad faith, vexatiously, wantonly, or oppressively." *Rutledge v. Sunderland*, 671 F.2d 377 (10th Cir. 1982). Plaintiff can make no such showing in this case.

[2] The Prison Litigation Reform Act, 42 U.S.C. § 1997e(d), limits recoverable attorney's fees to 150% of the judgment. This limitation does not apply to costs awarded under 28 U.S.C. § 1920.

ORDER – 6

1    Plaintiff alleges that officials and staff at the Washington State Penitentiary are retaliating against
2    him by falsely infracting him and demoting his custody level. (Dkt. No. 119.) Judge Donohue rejected
3    Plaintiff's motion because Plaintiff provided no evidence that the alleged retaliation was related to this
4    action, and because the alleged retaliators are not Defendants in this case. (Dkt. No. 123 at 15-16.)

5    However, in his motion for a temporary restraining order, Plaintiff also claims that his conviction
6    for attempted escape has not been expunged from his prison disciplinary record as this Court ordered in
7    2002 (C01-1968C, Dkt. No. 24 at 4) and requests that the conviction be expunged as ordered. (Dkt. No.
8    119 at 6.) With his motion, Plaintiff submitted a Department of Corrections Classification Report from
9    October 2006 which lists the attempted escape conviction among Plaintiff's prior infractions. (Dkt. No.
10   120, Exhibit P.) Because it is not clear that the Defendants in this action are responsible for the content
11   of Plaintiff's disciplinary record, at this time the Court will not issue an order on this matter. However,
12   Judge Donohue suggested, and this Court concurs, that the Washington Attorney General's Office should
13   ensure that its clients are fully complying with all orders of this Court, including this Court's prior order
14   that Plaintiff's conviction for attempted escape be expunged.

## III. CONCLUSION

Having reviewed Plaintiff's motion for summary judgment, Defendants' cross-motion for summary judgment, the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, and the remaining record, the Court does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation's analysis and conclusions except insofar as it requests a statement of damages from Plaintiff.

(2) Plaintiff's motion for summary judgment (Dkt. No. 106) is GRANTED in part, and Defendants' motion for summary judgment (Dkt. No. 99) is DENIED in part, as to Plaintiff's claim that Defendants Richards, Ahlstedt, and Glebe violated his due process rights by finding him guilty without some reliable evidence to support the charge of attempted escape.

ORDER – 7

1  (3) Plaintiff's motion for summary judgment (Dkt. No. 106) is DENIED in part, and Defendants' motion for summary judgment (Dkt. No. 99) is GRANTED in part, as to all other claims presented by Plaintiff in his amended complaint; Plaintiff's amended complaint (Dkt. No. 60) is DISMISSED, with prejudice, as to those claims.

(4) Plaintiff's motion for a temporary restraining order (Dkt. No. 119) is DENIED.

(5) Within thirty (30) days of the date on which this Order is entered, Plaintiff shall provide the Court with a bill of costs specifying what he spent on printing, copying, and court fees while pursuing this suit and documenting those costs.

(6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable James P. Donohue. The Clerk is also directed to sent Plaintiff Form AO-133 (Bill of Costs).

SO ORDERED this 5th day of June, 2007.

John C. Coughenour
United States District Judge

ORDER – 8